UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Michael Telemaque, | : | |
| | : | |
| Petitioner, | : | |
| v. | : | Civil Action No. 12-1087 (GK) |
| | : | |
| Eric Himpton Holder, Jr., *et al*, | : | |
| | : | |
| Respondents. | : | |

MEMORANDUM OPINION

On June 28, 2012, Petitioner, proceeding *pro se*, filed this action for a writ of habeas corpus from the Calcasieu Parish Correctional Center in Lake Charles, Louisiana. Petitioner has since been transferred to the Metropolitan Correctional Center in San Diego, California. *See* Doc. # 2 (change of address notice). For the following reasons, the Court will dismiss this action for lack of jurisdiction.

Habeas corpus actions are subject to certain jurisdictional and statutory limitations. The proper respondent in habeas corpus cases is the petitioner's warden or immediate custodian. *Rumsfeld v. Padilla,* 542 U.S. 426, 439 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)). In addition, it is settled that "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).

Petitioner has not named his warden as the Respondent. Even if he had, this Court would lack jurisdiction over the Petition because neither Petitioner's former warden nor his current warden is in the District of Columbia. *See id*. (reversing the district court's decision on the merits for "want

of jurisdiction"). Because Petitioner is no longer incarcerated in Louisiana, the Court will dismiss this action without prejudice to Petitioner's filing of a proper habeas petition in the judicial district of his confinement. A separate Order accompanies this Memorandum Opinion.

|  |  |
|---|---|
| July 16, 2012 | /s/ <br> GLADYS KESSLER <br> U.S. District Judge |